UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD KREGER, SR.**                                        **CIVIL ACTION**

**VERSUS**                                                    **NO. 07-575**

**GENERAL STEEL CORPORATION,**                                **SECTION: "C" (1)**
**GREGG LANIER HOWELL,**
**WORLDWIDE CONCRETE AND**
**STEEL ERECTIONS, L.L.C.**

## ORDER AND REASONS

Before this Court are: (1) a Motion to Dismiss Class Action filed by defendant, General Steel Corporation ("General Steel") (Rec. Doc. 19); and (2) a Motion for Enlargement of Time to Move for Class Certification filed by the plaintiff, Ronald Kreger, Sr. ("Kreger") (Rec. Doc. 20). The motions are before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds as follows.

**I. BACKGROUND**

Kreger filed this putative class action in this Court on February 1, 2007. He asserts may claims against General Steel, Gregg Lanier Howell ("Howell") and Worldwide Concrete and Steel Erections, L.L.C. ("Worldwide Concrete") including a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), LA. REV. STAT. ANN. § 51:1401, *et. seq*. These claims all arise out of contracts that Kreger had with General Steel, Howell and Worldwide Concrete for the purchase and erection of a steel building. Kreger seeks to represent the class of people who were allegedly defrauded by General Steel, Howell and Worldwide Concrete after January 1, 2001.

General Steel executed a waiver of service for summons on March 6, 2007. Rec. Doc. 3. However, Kreger claims that Howell and Worldwide Concrete were not served until June 27, 2007.[1] Rec. Doc. 30. Kreger avers that he had trouble serving Howell and Worldwide Concrete because it took him five (5) months to locate Howell in the Warren County Jail in Bowing Green, Kentucky. *Id*.

---

[1] Kreger states that Howell is Worldwide Concrete's registered agent for the service of process. Rec. Doc. 30.

General Steel now moves to dismiss the class action on the grounds that the Kreger has failed to timely move for class certification, as required by Local Rule 23.1(B) and Federal Rule of Civil Procedure 23(c)(1) and to dismiss Kreger's LUTPA claims because only the Louisiana Attorney General is authorized to pursue LUTPA claims in a representative capacity.[2] LA. REV. STAT. ANN. § 51:1409(A). Kreger opposes the motion to dismiss for untimeliness and asks for an extension of time in which to move for class certification. He argues that he could not apply for class certification without first serving Howell and Worldwide Concrete, affording them an opportunity to participate in the proceedings.

II. ANALYSIS

Local Rule 23.1(B) provides that:

> [w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended on a motion for good cause appearing, the plaintiff shall move for certification under FRCvP 23(c)(1)[3], as to whether the case is to be maintained as a class action.

---

[2] Kreger agrees that his class allegations must be dismissed as to his LUTPA claims. Rec. Doc. 30.

[3] Federal Rule of Civil Procedure 23(c)(1) provides that the Court must determine by order whether to certify the action as a class action at an early practicable time after a person sues or is sued as a class representative.

Here, 147 days passed between the date that Kreger filed the suit and General Steel's filing of its Motion to Dismiss.  Also, Kreger did not ask for an extension of time to move for class certification until 152 days after he brought his lawsuit.  Kreger clearly has missed the 90 day window for filing for class certification.  However, in his motion for enlargement, he explained that any motion for class certification would be premature until Howell and Worldwide Concrete had been served.  *See In re American Medical Systems, Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996).  Thus, dismissing his class action allegations at this point is inappropriate.  *See Musmeci v. Schwegmann Giant Super Markets*, 2000 WL 1010254, at *1-2, n. 1 (E.D.La. 4/20/2000).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that General Steels' Motion to Dismiss Class Action (Rec. Doc. 19) is **GRANTED**, as to the plaintiffs' LUTPA claims, and **DENIED,** as to untimeliness.

IT IS FURTHER ORDERED that Kreger's Motion for Enlargement (Rec. Doc. 20) is hereby **GRANTED**.

IT IS FURTHER ORDERED that Kreger must file his motion for class certification within forty-five (45) days from the date of this order.

New Orleans, Louisiana this 13th day of August, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE