**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RONALD KREGER, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 07-575**

**GENERAL STEEL CORPORATION,**                            **SECTION: "C" (1)**
**GREGG LANIER HOWELL,**
**WORLDWIDE CONCRETE AND**
**STEEL ERECTIONS, L.L.C.**

<u>**ORDER AND REASONS**</u>

This matter comes before the Court on a motion to Appeal the Magistrate Judge's

January 16, 2008 Order, filed by the defendants, General Steel Corporation, Gregg Lanier

Howell, Worldwide Concrete, and Steel Erections, LLC ("Defendants") (Rec. Doc. 138). The

Defendants seek to have this Court reverse the Magistrate's decision. In response to the

Defendants' motion, the plaintiff ("Kreger") argues that this Court should uphold the

Magistrate's order in part.[1] The motion is before the court on the briefs without oral argument.

Having considered the memoranda and arguments of counsel, the record, and the applicable law,

the Court decides the motion as follows.

**I. Background**

Kreger filed this putative class action on February 1, 2007 against the Defendants

---

[1] Only Kreger's arguments regarding Rec. Doc. 138 will be addressed in this Order. The remainder of Kreger's assertions will be investigated when the Court examines his motion appealing the Magistrate's Order (Rec. Doc. 146)

1

alleging fraud. The Defendants sell and erect prefabricated buildings. Kreger asserts that the Defendants misrepresented their abilities, and now seeks to represent the class of people who were allegedly defrauded by the Defendants. On January 16, 2008, the Magistrate Judge ordered that the defendants respond to Kreger's discovery request by producing: (1) transcripts utilized by General Steel employees in selling their products; (2) documents sent to General Steel by any of its customers from January 1, 2005 through December 31, 2006 complaining about defendant Howell. The Magistrate Judge did not require the Defendants to provide advertising transcripts (Rec. Doc. 137).

In the motion *sub judice*, the Defendants argue that the Magistrate's order pertaining to these two document requests was clearly erroneous and contrary to law. First, the Defendants assert that the discovery requests were not calculated to lead to admissible evidence for class certification, or admissible evidence generally. Additionally, the Defendants characterize the request for sales transcripts as over-broad because the request could relate to "irrelevant, inadmissible advertising scripts" as well as "documents reflecting sales methods." Next, the Defendants argue that the request for sales transcripts is essentially a request for "advertising materials." The Defendants note that the Magistrate Judge has ruled that advertising is not relevant to Kreger's complaint (Rec. Doc. 137). Finally, the Defendants characterize the request for customer complaints as "merits-oriented discovery" which they claim is not relevant for class certification.[2]

In opposition to the Defendant's motion, Kreger asserts that the Defendants' use of

---

[2] Discovery was bifurcated in this matter between class certification and merits, see Rec. Doc. 55.

uniform sales scripts supports class treatment because the transcripts are evidence of identical oral representations made by the defendants to the putative class members. Additionally, Kreger avers that the complaints about defendant Howell are relevant to establish commonality and typicality. Essentially, Kreger argues that the Defendants defrauded the putative class members because they received complaints about defendant Howell, but did nothing in light of the complaints.

## II. Standard of Review

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

## III. Analysis

As an initial matter, this Court notes that it has "considerable discretion in managing discovery." *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 789 (5th Cir. 1990)). Rule 37(d) specifically addresses a party's failure to serve answers to interrogatories, which is the allegation at the basis of this motion. Subsection (d)

states that a "court in which an action is pending ... may make such orders in regard to the failure as are just." Fed.R.Civ.P. 37(d).

In this case, the Magistrate Judge granted in part the Defendants' motion for a protective order regarding "advertising" and "sales scripts" (Rec. Doc. 137). In that Order, the Magistrate specifically limited the disclosure of sales scripts to a definite time period (January 1, 2005 through July 31, 2007), as well as limiting the inquiry to the putative class members. All other objections to the production of sales scripts were overruled. The similarity of the sales scripts to solicit business for the Defendants are relevant in determining the scope of the class. Likewise, the representations made by the Defendant regarding Howell's abilities are relevant to determine the scope of the class. Consequently, this Court finds no grounds to support the Defendants' claim that the Magistrate's order is clearly erroneous or contrary to law.

## IV. Conclusion

IT IS ORDERED that the Defendants' motion for review and reversal of the Magistrate Judge's ruling is **DENIED**.

New Orleans, Louisiana, this 15th day of February, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4