# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**RONALD KREGER, SR.**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO:  07-575-HGB-SS**

**GENERAL STEEL CORPORATION, et al**

## ORDER

KREGER'S MOTION TO COMPEL MAY 2007 DISCOVERY AND FOR SANCTIONS (Rec. doc. 134)

## GRANTED IN PART AND DENIED IN PART

At the January 10, 2007 telephone conference a procedure was established to resolve issues pertaining to the written discovery served by the plaintiff, Ronald Kreger, Sr. ("Kreger"), on May 7, 2007.  Rec. doc. 103.  On January 29, 2008, Kreger filed a motion to compel and for sanctions. Rec. doc. 134.  The defendant, General Steel Corporation ("General Steel"), filed an opposition. Rec. doc. 143.  The May 2007 discovery overlaps with Kreger's August 2007 written discovery and the areas of examination in Kreger's notice of General Steel's Fed. R. Civ. P. 30(b)(6) deposition. Kreger's motion to compel responses to the August 2007 discovery was granted in part and denied in part.  Rec. doc. 105.[1]  The court ruled on General Steel's objections to the areas of examination in Kreger's Rule 30(b)(6) notice.  Rec. doc. 137.[2]

---

[1]  General Steel's appeal of that order (Rec. doc. 138) was denied.  Rec. doc. 165.

[2]  General Steel filed an appeal of that ruling which is set for hearing on March 5, 2008.  Rec. doc. 137.

<u>SANCTIONS</u>

Kreger requests sanctions for the alleged "continued stonewalling of discovery as to the putative class that has gone on for months. . ." Rec. doc. 134 at p. 2.  All requests for sanctions contained in the motion to compel are denied.

<u>BIFURCATION ORDER</u>

Kreger's request that the court reconsider its bifurcation order is denied.

<u>RULE 33(a)(1) LIMIT ON INTERROGATORIES</u>

Pursuant to Fed. R. Civ. P. 33(a)(1), unless ordered by the court, a party is limited to "no more than 25 written interrogatories, including all discrete subparts." <u>Id</u>.  General Steel contends that after counting the August 2007 interrogatories, it is only required to respond to interrogatory nos. 1 through 3 of the May 2007 interrogatories.  It contends that interrogatory nos. 4 through 22 from the May 2007 interrogatories exceed the Rule 33 limit.  Kreger responds that: (1) since the May 2007 interrogatories were served first, he is within the Rule 33(a)(1) limit; (2) the May 2007 interrogatories were framed for class discovery whereas the August 2007 discovery is directed more to Kreger's individual claim; (3) the putative class should be entitled to its own set of interrogatories; and (4) in a class action more interrogatories should be permitted.

Kreger's motion identifies eight of the May 2007 interrogatories as crucial to his discovery for the class certification.  This will be treated as a request to exceed the Rule 33(a)(1) limitation, and the request will be granted as to these eight interrogatories.  These eight interrogatories will be reviewed to determine whether General Steel is required to answer them.

<u>Interrogatory no. 7</u>.

Kreger seeks the identity of all criminal convictions, guilty pleas or complaints, including

customer and government complaints against General Steel for 1996 through 2006.  Rec. doc. 134 (Exhibit 1 at pp. 18-19).  He contends this information is required because of <u>Recinos-Recinos v. Express Forestry., Inc</u>., 233 FRD 472 (E.D.La. 2006)(Africk, J.).  In connection with area of inquiry no. 11 for General Steel's Rule 30(b)(6) deposition, the court held:

> In . . . [<u>Recinos-Recinos</u>], in order to determine superiority as required by Fed. R. Civ. P. 23(b)(3), the Court examined the extent and nature of any litigation concerning the controversy already commenced by or against members of the class. <u>Id</u>. at p. 482.  Area of inquiry no. 11 is broader than the statement in <u>Recinos-Recinos</u>.  The motion for a protective order is granted in part as to area of inquiry no. 11.  It is limited to the extent and nature of any litigation concerning the controversy already commenced by or against members of the alleged putative class.

Rec. doc. 137 at p. 5.  Interrogatory no. 7 shall be limited to "the extent and nature of any litigation concerning the controversy already commenced by or against members of the alleged putative class."  <u>Id</u>.  Subject to the limitation, General Steel shall answer the interrogatory.

<u>Interrogatory no. 8.</u>

Kreger seeks the identity of all forms of media in which General Steel advertised during 2005 and 2006.  Rec. doc. 134 (Exhibit 1 at pp. 21-22).  Advertising is not relevant to Kreger's complaint.  <u>See</u> ruling on area of inquiry no. 2 for the Rule 30(b)(6) deposition of General Steel (Rec. doc. 137 at p. 3).  General Steel is not required to respond to interrogatory no. 8.

<u>Interrogatory no. 10.</u>

Kreger asks what General Steel represented to its customers in 2005 and 2006 as to who and how the steel buildings produced by General Steel would be erected.   Rec. doc. 134 (Exhibit 1 at p. 26).  The interrogatory was served prior to the definition of the putative class.  <u>See</u> November 7, 2007, minute entry (Rec. doc. 55).  The interrogatory will be limited to the customers within the putative class.  Subject to that limitation, General Steel shall answer the interrogatory.

Interrogatory no. 16.

Kreger requests that General Steel identify its responses, if any, to Kreger's notice that Howell[3] had stolen his deposit.  Rec. doc. 134 (Exhibit 1 at p. 40).  He contends that this interrogatory goes to the issue of General Steel's reaction *vis a vis* the entire class upon receipt of Kreger's communication regarding the deposit.  Kreger was authorized to ask questions of the putative class members about what General Steel told them about Howell and when these conversations took place. Rec. doc. 56 (Attachment at pp. 1-2).  The information sought by Kreger is relevant.  General Steel shall answer the interrogatory.

Interrogatory no. 19.

In a request for admission Kreger asked that General Steel admit or deny whether it had begun the manufacture of his building.  In the interrogatory Kreger asks, assuming it denied manufacturing the building, why it has not so.  Rec. doc. 134 (Exhibit 1 at p. 47 ).  Kreger contends this is relevant to General Steel's defense that it lost money on the putative class members because it has to pay its suppliers for the buildings which were not erected.  Assuming that General Steel did not begin the manufacture of Kreger's building, it shall state why it did not do so before Kreger filed this complaint.  As limited, General Steel shall answer interrogatory no. 19.

Interrogatory no. 22.

Kreger seeks the identity of the General Steel representatives who inspected Kreger's premises for any purpose and any report prepared by them.  Rec. doc. 134 (Exhibit 1 at pp. 51-52).  The information is relevant.  General Steel shall answer interrogatory no. 22.

---

[3]  "Howell" refers to Gregg Lanier Howell and Worldwide Concrete and Steel Erection, L.L.C.

Interrogatory no. 22(sic).

Kreger seeks the identity of every person who purchased buildings from General Steel and who were referred to Howell. Rec. doc. 134 (Exhibit 1 at p. 52). General Steel is not required to respond to this interrogatory. The identity of these persons will be established through discovery concerning General Steel's customer list of putative class members and the list developed by Kreger of persons it contends should be putative class members.

GENERAL STEEL'S OBJECTIONS TO DISCOVERY

Interrogatory no. 1.

Kreger asks when General Steel first became aware of criminal convictions, nolo pleas and complaints regarding Howell. Rec. doc. 134 (Exhibit 1 at pp. 2-3). General Steel's supplemental answer reports that it first became aware of: (a) a conviction or guilty plead regarding Howell on February 19, 2007;[4] and (b) complaints by Kreger regarding Howell on August 9, 2006. Rec. doc. 134 (Exhibit 2 at p. 2). General Steel's answer is insufficient. It shall supplement its answer to identify when it received any complaints regarding Howell by any General Steel customers and identification of the customers.

Request for production no. 1.

Kreger requests all documents relating to General Steel's knowledge that Howell was convicted. General Steel reported that it possesses no documents responsive to the request. Rec. doc. 134 (Exhibit 1 at pp. 5-6). No further response is required.

Request for production no. 2.

Kreger requests all documents relating to criminal convictions, nolo pleas and complaints

---

[4]  Kreger filed his complaint on February 1, 2007. Rec. doc. 1.

regarding Howell from January 1, 1996 to date.   General Steel reported that it produced unobjectionable documents responsive to the request.  Rec. doc. 134 (Exhibit 2 at pp. 2-4). In the context of its objections to this discovery, General Steel's response is ambiguous.  It shall serve a supplemental response in which it states that it has produced all documents responsive to request for production no. 2, except for documents protected by the attorney-client privilege or work-product doctrine.  It shall prepare a privilege log for such documents.

Request for production nos. 3, 5, 17, 18, 20, 24 and 28.

General Steel's supplemental responses to each of these requests suffer from the same deficiency as its supplemental response to request for production no. 2.  Rec. doc. 134 (Exhibit 2). It shall serve a supplemental response for each request in which it states that it produced all documents responsive to the request except for documents protected by the attorney-client privilege or work-product doctrine.  It shall prepare a privilege log for such documents.

Interrogatory no. 2.

Kreger asks whether General Steel informed its customers (during 1996 through 2006) that Howell had a criminal record.  If so, Kreger asks for particulars.  General Steel responds that "it is reasonably unaware of any crimes" that Howell was convicted of and, therefore, did not inform its customers of same.  Rec. doc. 134 (Exhibit 1 at p. 9) (Emphasis added).  General Steel's answer is ambiguous.  It was either aware or unaware of Howell's conviction.  General Steel shall serve a supplemental response to interrogatory no. 2.

Interrogatory no. 3.

Kreger asks whether General Steel informed its customers of complaints concerning Howell (during 1996 through 2006).   General Steel's supplemental answer is only with respect to

information conveyed to Kreger.  Rec. doc. 134 (Exhibit 2 at pp. 5-6).  General Steel shall supplement its response for each person identified on the list of customers in the putative class and any additions to that list.  It shall provide the information for the period January 1, 2005 through July 31, 2007.

<u>Request for admission no. 7</u>.

In its supplemental response, General Steel denied the request.  Rec. doc. 134 (Exhibit 2 at pp. 6-7).  No further response is required.

<u>Request for admission no. 8</u>.

Kreger asks that General Steel admit or deny that it recommended no contractor other than Howell to Scott Nall to erect the building.  General Steel's objections are overruled.  It shall respond to request for admission no. 8.

<u>Request for production no. 6</u>.

General Steel's supplemental response states it has no documents responsive to this request. Rec. doc. 134 (Exhibit 2 at pp. 7-8).  No further responses is required.

<u>Request for production no. 8</u>.

Kreger requests documents relating to General Steel's recommendation of contractors other than Howell for the erection of Scott Nall's building.  General Steel's objections are overruled.  It shall respond to request for production no. 8.

<u>Request for production no. 9</u>.

General Steel reports it has no documents responsive to the request.  Kreger contends that General Steel is not being candid, but provides no evidence to contradict the response.  No further response is required.

Request for production no. 11.

Kreger requests scripts, transcripts, ads, proofs or other forms of advertisement for 2005 and 2006. This request is construed as limited to information on advertising. Advertising is not relevant to Kreger's complaint. See ruling on area of inquiry no. 2 for the Rule 30(b)(6) deposition of General Steel (Rec. doc. 137 at p. 5). General Steel is not required to respond to request for production no. 11.

Request for production no. 13.

This request also relates to advertisements. Rec. doc. 134 (Exhibit 2 at pp. 8-9). General Steel is not required to respond.

Request for production no. 15.

Kreger requests documents relating to communications between General Steel and Steve Schaub of SE Consultants for foundation plans for Kreger's building. Rec. doc. 134 (Exhibit 2 at pp. 9-10). The court permitted discovery on foundation plans related to Kreger's building. See January 16, 2008 discovery order. Rec. doc. 105 at pp. 2-3 and 5-6 (Request no. 12). To the extent General Steel has not produced the documents responsive to this request with its response to the January 16, 2008 discovery order, it shall supplement its response.

Request for production no. 26.

This request concerns discovery of experts. Rec. doc. 134 (Exhibit 2 at pp. 13-14). General Steel is not required to produce an expert report at this time. The parties agree that General Steel must provide any underlying information as already exists. General Steel reports that it presently possesses no documents responsive to this request. Rec. doc. 143 at p. 16. No further response is required.

Request for production no. 27.

This request seeks documents which General Steel intends to use at depositions. The request is denied.

Request for production no. 30.

Kreger seeks all training materials given to General Steel's employees or anyone retained by it to make sales of steel buildings and discuss sales with prospective customers. The court ruled that information on sales scripts was discoverable for the period from January 1, 2005 through July 31, 2007. See ruling on area of inquiry no. 1 for the Rule 30(b)(6) deposition of General Steel (Rec. doc. 137 at p. 6).[5] General Steel shall respond to request for production no. 30.

Request for production no. 31.

Kreger seeks "all statements, including but not limited to statements made by any party hereto." Rec. doc. 134 (Exhibit 2 at p. 15). The request is too broad. No further response is required.

Request for production no. 32.

Kreger seeks General Steel's communications with him. Rec. doc. 134 (Exhibit 2 at p. 16). It was ordered to produce all documents in its possession, custody or control regarding Kreger. Rec. doc. 105 at pp. 2-3. It is not required to make a further response to this request.

Request for production nos. 33 and 34.

These requests are for documents regarding Kreger. Rec. doc. 134 (Exhibit 2 at pp. 17-18). They are duplicative of the requirement described in the January 16, 2008 discovery order. See Rec. doc. 105 at pp. 2-3. No further response is required.

---

[5] Area of inquiry no. 1 was "[s]ales scripts and other representations made to customers." Rec. doc. 116(Exhibit A).

9

## FURTHER WRITTEN DISCOVERY

Kreger is cautioned that, pursuant to the order of January 16, 2008, he must seek leave of court before serving any further written discovery prior to the District Judge's resolution of the class certification issue.  Rec. doc. 105 at p. 6.

IT IS ORDERED that: (1) Kreger's motion to compel May 2007 discovery and for sanctions (Rec. doc. 134) is GRANTED in PART and DENIED in PART; and (2) within ten (10) working days of the entry of this order, General Steel shall supplement its responses to the May 2007 discovery as required by the order.

IT IS FURTHER ORDERED that any objection to this order must be made within **five (5) working days** of its entry.

New Orleans, Louisiana, this 27th day of February, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**

10