UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-575** |
| **GENERAL STEEL CORPORATION,<br>GREGG LANIER HOWELL,<br>WORLDWIDE CONCRETE AND<br>STEEL ERECTIONS, L.L.C.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

This matter comes before the Court on a Motion for Appeal of the Magistrate Judge's January 31, 2008 ruling, which granted in part a Protective Order. The Motion to Appeal was filed by the plaintiff, Ronald Kreger, Sr. ("Kreger") (Rec. Doc. 146). Kreger seeks to have this Court reverse the Magistrate's decision to protect advertising materials from discovery. In response to Kreger's motion, the defendants, General Steel Corporation, Gregg Lanier Howell, Worldwide Concrete, and Steel Erections, LLC ("Defendants"), argue that this Court should uphold the Magistrate's order. The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record and the applicable law, the Court decides the motion as follows.

1

**I. Background**

  Kreger filed this putative class action on February 1, 2007 against the Defendants alleging fraud.  The Defendants sell and erect prefabricated buildings.  Kreger asserts that the Defendants misrepresented their abilities.  Kreger now seeks to represent the class of people who were allegedly defrauded by the Defendants.  On January 31, 2008, the Magistrate Judge ordered that the Defendant's Motion for a Protective Order be granted relating to "advertising."  Rec. Doc. 137, p. 3.  Specifically, the Magistrate Judge held that "[a]dvertising is not relevant to Kreger's complaint."  *Id.*

  In the motion *sub judice*, Kreger argues that the Magistrate's order pertaining to the advertising materials was contrary to law.  Kreger maintains that the Defendants solicited the Plaintiff, and other potential class members, via radio advertising on the Paul Harvey Show.  First, Kreger maintains that the advertising materials are relevant and discoverable because of assertions made by the Defendants in Rec. Doc. 63.[1]  Indeed, Kreger characterizes Defendants' assertions in Rec. Doc. 63 as a "defense."  Kreger avers that the protective order should not extend to the advertising materials because discoverable documents can be related to a claim or a defense under Federal Rule of Civil Procedure 26.  Moreover, in his supplemental memorandum, Kreger points to the Defendants' Eighteenth and Twenty-Third Affirmative Defenses as evidence that the Defendants have opened the advertising materials to discovery.[2]

---

  [1] Specifically, Kreger points to Rec. Doc. 63, p. 3-6 as illustrative of the Defendants' defense that oral representations are not appropriate for class treatment.

  [2] In the Defendants' Answer, the Eighteenth Affirmative Defense states, "The claims Plaintiff purports to assert do no [sic] present issues sufficiently uniform to allow representative treatment." Rec. Doc. 6.  The Twenty-Third Affirmative Defense states, "Any misrepresentations made to Kreger were immaterial or mere puffery." *Id.*

On these grounds, Kreger argues that the analysis underlying the Magistrate Judge's ruling is erroneous. Furthermore, Kreger asserts that the failure of the original and amended petitions to refer to advertising materials does not negate their discoverability under Rule 26. Kreger notes that the Federal Rules of Civil Procedure are based on notice pleading, and thus, argues that the lack of specificity regarding "advertising" in the pleadings should not defeat the discoverability of advertising materials.

In opposition, the Defendants' assert that the Magistrate Judge ruled correctly. First, the Defendants note that "advertising materials" are outside the scope of the pleadings. On that basis, the Defendants argue that the advertising materials are not discoverable under Rule 26. The Defendants also assert that Kreger's reference to a "defense" is a mis-characterization of the filings before the Court. Essentially, the Defendants aver that there is no "defense" related to the advertising materials, and that Kreger's attempt to construe language in one of the Defendants' filings with the Court as a "defense" has created a red herring.

## II. Standard of Review

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously

misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

### III. Analysis

As an initial matter, "courts have considerable discretion in managing discovery." *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 789 (5th Cir. 1990)).  Under the Federal Rules of Civil Procedure, Rule 26 allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P 26(b).  The pleading of claims and defenses is controlled by Rules 7 and 8.  Federal Rule of Civil Procedure 7 lists the documents that parties may file with courts, and divides the documents into two categories: pleadings and motions.  The first part of Rule 7 describes pleadings, it states that "[t]here shall be a complaint and an answer . . . no other pleading shall be allowed." Fed.R.Civ.P. 7(a).  The contents of pleadings are further described by Rule 8, which states that pleadings contain "claims" and "defenses."  Thus, it is clear that Rule 26 allows discovery relating to any claims contained in the Complaint, or defenses contained in the Answer.

Given the framework of the Federal Rules, Kreger's assertion that the language in Rec. Doc. 63 constitutes a "defense" is clearly correct, if the language is in the Defendants' Answer. In this matter, the language that Kreger characterizes as a "defense" in Rec. Doc. 63, is not a "defense" under the Federal Rules of Civil Procedure.  Simply, Rec. Doc. 63 is not a "pleading." Rec. Doc. 63 is titled "Objections to Plaintiff's Proposed Deposition Questions for Putative

Class Members."  Rec. Doc. 63 is not a "pleading," but a "motion" under Rule 7; therefore, it does not contain claims or defenses under Rule 8.[3]  Because Rec. Doc. 63 does not contain "defenses" under Rule 8, Rule 26 does not necessarily make the materials related to the assertions in Rec. Doc. 63 discoverable.  Consequently, Kreger's argument that the Magistrate erroneously excluded the advertising materials based on the Defendants' assertions in Rec. Doc. 63 is unconvincing.

Next, Kreger argues that the advertising materials are discoverable under Rule 26 because of Affirmative Defenses 18 and 23.  The 18th Affirmative Defense states, "[t]he claims Plaintiff purports to assert do no [sic] present issues sufficiently uniform to allow representative treatment."  Rec. Doc. 6.  The 23rd Affirmative Defense states, "[a]ny misrepresentations made to Kreger were immaterial or mere puffery."  *Id.*  Again, the Magistrate Judge ruled that the "advertising materials" were not discoverable under Rule 26 because the materials were not relevant to a claim or defense.  Based on the language of Affirmative Defenses 18 and 23, this Court does not find the Magistrate's ruling to be clearly erroneous.

Finally, Kreger argues that the failure to specify "advertising" or "advertising materials" in the pleadings does not preclude their discovery under Rule 26.  Kreger relies on *In re Taxable Mun. Bond Securities Litigation*,[4] for the proposition that documents can be relevant and discoverable even though not specifically mentioned in federal notice pleadings.  However, *In re Taxable Mun. Bond Securities Litigation* is a case that deals with third-party cross claims under

---

[3] In contrast to Rec. Doc. 63, Rec. Doc. 1 is titled, "Complaint;" Rec. Doc. 6 is titled "Answer;" and, Rec. Doc. 17 is titled the "First Amended Complaint."  These filings constitute "pleadings" under Rules 7 and 8.

[4] 1993 WL 591418 (E.D.La. 19930 (Judge Sear).

Federal Rule of Civil Procedure 13(g), not discoverability under Rule 23. Therefore, the case is not directly on point and is of relatively little value to overcome the deferential standard of review in this matter.

Based on the evidence presented, this Court is not convinced that the Magistrate Judge's ruling that "advertising is not relevant to Kreger's complaint" is clearly erroneous or contrary to law.

## IV. Conclusion

IT IS ORDERED that Kreger's Motion to Appeal the Magistrate Judge's January 31, 2008 ruling is **DENIED** (Rec. Doc. 146).

New Orleans, Louisiana, this 7th day of March, 2008.

						_____
						HELEN G. BERRIGAN
						UNITED STATES DISTRICT JUDGE