UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-575** |
| **GENERAL STEEL CORPORATION,** <br> **GREGG LANIER HOWELL,** <br> **WORLDWIDE CONCRETE AND** <br> **STEEL ERECTIONS, L.L.C.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

This matter comes before the Court on a Motion for Appeal of the Magistrate Judge's February 27, 2008 ruling, filed by the defendants, General Steel Corporation, Gregg Lanier Howell, Worldwide Concrete, and Steel Erections, LLC ("Defendants") (Rec. Doc. 177). The Defendants seeks to have this Court reverse the Magistrate's decision regarding training materials given to General Steel employees. In response to the Defendants' motion, the plaintiff, Ronald Kreger, Sr. ("Kreger"), argues that this Court should uphold the Magistrate's order. The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record and the applicable law, the motion is DENIED.

## I. Background

Kreger filed this putative class action on February 1, 2007 against the Defendants

1

alleging fraud.  The Defendants sell and erect prefabricated buildings.  Kreger asserts that the Defendants misrepresented their abilities.  Kreger now seeks to represent the class of people who were allegedly defrauded by the Defendants.  On February 27, 2008, the Magistrate Judge ordered that the Defendants respond to Kreger's Request for Production No. 30.  Rec. Doc. 171, p. 9.  Kreger's discovery request sought "training materials given to [Defendants'] employees."  Rec. Doc. 177, p. 2.  Specifically, the Magistrate Judge ruled that the Defendants "shall respond to request for production no. 30."  Rec. Doc. 171, p. 9.  The Defendants note that they have produced sales scripts for the relevant time period, but assert that they should not have to produce "Sales Compliance Report" documents in response to Request no. 30.[1]

In the motion *sub judice*, the Defendants argue that the Magistrate's order pertaining to "Sales Compliance Reports" should be overturned.  First, the Defendants maintain that "Sales Compliance Reports" are not relevant because there is no indication that they relate to calls concerning Kreger, or any of the putative class members.  Next, the Defendants aver that the "Sales Compliance Reports" are only relevant to the merits of the action, and this Court has already bifurcated the matter between class discovery and merits discovery.  Third, the Defendants argue that the "Sales Compliance Reports" are inadmissible under Federal Rule of Evidence 408, and thus, not discoverable.  Finally, the Defendants argue that the "Sales Compliance Reports" are protected from discovery by the "self-critical analysis" privilege.

In opposition, Kreger asserts that the Magistrate Judge ruled correctly.  First, Kreger

---

[1] The "Sales Compliance Reports" were generated by the Defendants in compliance with Consent Orders entered into with the Attorney General of Colorado.  The Consent Orders require Defendant General Steel to monitor sales calls, and the "Sales Compliance Reports" convey corrective instructions to employees based on the call monitoring.  Rec. Doc. 177, p. 2.

asserts that the "Sales Compliance Reports" are relevant because they may contain evidence of misrepresentations made to putative class members. Additionally, Kreger argues that Federal Rule of Evidence 408 does not prevent the discoverability of the "Sales Compliance Reports" because FRE 408 concerns the admissibility of evidence at trial, not the discoverability of information before trial. Specifically, Kreger notes that he does not seek discovery of the Settlement or Consent documents, or statements made during the Defendants' negotiations of the Consent Orders. Finally, Kreger contends that the "self-critical analysis" privilege is not recognized in the Fifth Circuit. On these grounds, Kreger argues that the Defendants have not overcome the stringent standard of review governing appeals of magistrate orders.

## II. Standard of Review

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

**III. Analysis**

As an initial matter, "courts have considerable discretion in managing discovery." *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 789 (5th Cir. 1990)).  Under the Federal Rules of Civil Procedure, Rule 26 provides a party with the authority to obtain discovery of any matter that is:

> relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any, documents or other tangible things and the identity and locations of persons having knowledge of any discoverable matter.... Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  Relevancy is construed liberally so that the basic issues and facts of the case are disclosed to the fullest extent practical.  *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 262 (W.D.Tex. 2006).  However, the scope of discovery is not unlimited and is committed to the sound discretion of the court.  *Id.* at 262-3.

Given the framework of the Federal Rules, the Magistrate Judge's ruling was clearly erroneous, if the materials are not discoverable.  In this matter, Kreger asserts that the Defendants misrepresented their abilities to perform as promised.  Thus, documents containing records of the representations made by the Defendants to its customers, i.e. putative class members, are relevant to the case.  According to the Defendants' memorandum, the Sales Compliance Reports convey corrective instructions to employees based on the monitoring of sales calls.  Rec. Doc. 177, p. 2.  Consequently, the Defendants' argument that Sales Compliance Reports are irrelevant is unconvincing.  Similarly, the Defendants' bare assertion that the Sales Compliance Reports relate only to merits based discovery is insufficient to overcome the deferential standard of review on appeal.

Next, the Defendants argue that the Sales Compliance Reports are not discoverable under Federal Rule of Evidence 408.  The Court notes that issues of discoverability under Rule 26 are separate from issues of admissibility at trial.[2]  As noted by Wright and Miller, there is an "explicit recognition that the question of relevancy is to be more loosely construed at the discovery stage than at the trial."  8 Wright & Miller, *Federal Practice and Procedure, Civil* § 2008.  Specifically, information "otherwise inadmissible at trial does not bar discovery if it is relevant to the subject matter of the action and there is a reasonable possibility that the information sought may provide a lead to other evidence that will be admissible."  *Id.*  Based on the evidence presented, there is a reasonable possibility that the Sales Compliance Reports may lead to other admissible evidence.  Therefore, the Defendants' argument that the Sales Compliance Reports are inadmissible under Rule 408 does not necessarily bar discovery of the materials under Rule 26.  Accordingly, the Defendants have failed to overcome the clearly erroneous or contrary to law standard.

Finally, the Defendants argue that the Sales Compliance Reports are inadmissible because of the "self-critical analysis" privilege.  The Defendants have parsed the language in *Southern Railway Co. v. Lantham*, 403 F.2d 119, 131 (5th Cir. 1968) for the basis of this argument.  More recently, the Fifth Circuit has specifically stated that it "has not recognized the self-critical analysis privilege."  *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000).  Furthermore, as discussed above, the admissibility or inadmissibility of the evidence under the self-critical analysis privilege does not preclude discoverability under Rule

---

[2] The Court makes no findings regarding the admissibility of the Sales Compliance Reports.

26.  In sum, this Court is not convinced that the Magistrate Judge's ruling regarding the Sales Compliance Reports is clearly erroneous or contrary to law.

**IV. Conclusion**

IT IS ORDERED that Kreger's Motion to Appeal the Magistrate Judge's February 27, 2008 ruling is **DENIED** (Rec. Doc. 177).

New Orleans, Louisiana, this 19th day of March, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE