UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONALD KREGER, SR.**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 07-575**

**GENERAL STEEL CORPORATION,**                            **SECTION: "C" (1)**
**GREGG LANIER HOWELL,**
**WORLDWIDE CONCRETE AND**
**STEEL ERECTIONS, L.L.C.**

### ORDER AND REASONS

This matter comes before the Court on a Motion Appealing the Magistrate's Order Pursuant to Rule 72, filed by the defendants, General Steel Corporation, Gregg Lanier Howell, Worldwide Concrete, and Steel Erections, LLC ("Defendants") (Rec. Doc. 222). The Defendants seek to have this Court reverse the Magistrate's order denying a Motion to Unseal, as well as an order denying a Motion for Reconsideration regarding the Motion to Unseal (Rec. Docs. 211 & 217). In response to the Defendants' motion, the plaintiff, Ronald Kreger, Sr. ("Kreger"), filed a sealed opposition. The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record and the applicable law, the motion is DENIED.

### I. Background

Kreger filed this putative class action on February 1, 2007 against the Defendants

alleging fraud. The Defendants sell and erect prefabricated buildings. Kreger asserts that the Defendants misrepresented their abilities. Kreger now seeks to represent the class of people who were allegedly defrauded by the Defendants. On April 8, 2008, Plaintiff filed a sealed document with the Court, Rec. Doc. 203. Counsel for the Defendants attempted to determine the contents of the sealed document by filing a Motion to Unseal (Rec. Doc. 207). The Magistrate denied the Motion to Unseal on April 15, 2008, without elaboration (Rec. Doc. 211). Defendants filed a Motion for Reconsideration, Rec. Doc. 212, which the Magistrate summarily denied on April 17, 2008 (Rec. Doc. 217).

In the motion *sub judice*, the Defendants argue that the Magistrate's refusal to unseal Rec. Doc. 203 is contrary to law. First, the Defendants argue that the sealed document was not filed according to the established procedures for filing documents under seal in civil cases. Next, the Defendants assert that the Magistrate's decision to deny the Motion to Unseal violated the Federal Rules of Civil Procedure. Third, the Defendants argue that the Plaintiff cannot utilize the document in support of any motions, at any hearings, or at trial. Fourth, the Defendants argue that the entry of the sealed document into the record has infringed their Fifth Amendment Due Process rights. Finally, the Defendants request that, if their appeal is denied, the Court certify its ruling as an interlocutory order pursuant to 28 U.S.C. § 1292(b).

**II. Standard of Review**

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite

and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

### III. Analysis

Following a review of the sealed document, as well as, the memoranda and arguments of counsel, the Court finds no reason to reverse the Magistrate's decision. The Defendants are correct in noting that the sealed document was entered into the record pursuant to unusual procedures; however, the Court is left with a definite and firm conviction that no reversible mistake has been committed.

First, the Court does not find reversible error in the fact that a non-confidential supporting memorandum was not filed in conjunction with the sealed document. The purpose of the procedures for filing a sealed document exist to alert opposing parties that a sealed document will be filed. Clearly, the opposing party has been notified that a sealed document has been filed. The fact that the Defendants were notified *after* the document was filed, instead of prior to filing, does not result in reversible error in this case. Following this Court's review of the sealed document, it is clear that lesser procedures would not suffice; therefore, the order sealing the document was not improper.[1]

---

[1] The Defendants' arguments regarding Federal Rules of Civil Procedure 5 and 5.2 are not germane to the motion. Both Rule 5 and Rule 5.2 note that there are exceptions to the requirements enumerated in the Rules. Rule 5 begins, "unless these rules provide otherwise . . .

Furthermore, the Defendants' concern that Kreger has "secretly introduce[d] evidence into the record" is in fact unfounded. The Court agrees with the Defendants that Kreger cannot utilize the sealed document in support of any motions, at any hearings, or at trial, and there is no indication that was intended. Indeed, the Court finds that the sealed document is not material to the controversy between the parties. Because the document shall not be used to support Kreger's case, the Defendants' argument that the mere presence of the sealed document has infringed their right to fully and fairly litigate the case is unconvincing.

On the other hand, the Court finds that the Defendants' Motion to Unseal the document is too draconian a measure to remedy any failure by Kreger to follow the proper procedures in this matter. Stated another way, the Defendants are not entitled to gain access to the contents of the sealed document simply because of a procedural error in the manner that the document was filed into the record. The Court encourages the parties to familiarize themselves with the proper procedures for filing sealed documents in civil cases to avoid disputes regarding ancillary matters in the future.

Finally, in *Rico v. Flores*, the Fifth Circuit noted that "Title 28, § 1292(b) of the United States Code permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). And, in *U.S. v. Garner*, the Fifth Circuit held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional

---

." And, Rule 5.2 states, "Unless the court orders otherwise . . . ." In this matter, the Court's Order detailing the "Procedures for Filing Documents Under Seal in Civil Cases" is the more narrow and controlling set of rules regarding the challenged document.

cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281 (5th Cir. 1985). The Court finds that the failure to properly file a sealed document into the record does not involve a controlling question of law in this matter. Moreover, immediate appeal will not materially advance the ultimate termination of this litigation because the procedural error is not material to the underlying allegations of the case.

### IV. Conclusion

IT IS ORDERED that General Steel's Motion Appealing the Magistrate's Order is **DENIED** (Rec. Doc. 222). This ruling is not certified for appeal pursuant to 28 U.S.C. § 1292(b).

New Orleans, Louisiana, this 9th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE