UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-575-HGB-SS** |
| **GENERAL STEEL CORPORATION, et al** | |

### ORDER

KREGER'S MOTION FOR RECONSIDERATION OF AUGUST 5, 2008 ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Rec. doc. 366)

**DENIED**

Before the undersigned is the motion of the plaintiff, Ronald Kreger, Sr. ("Kreger"), for reconsideration of the August 5, 2008 order (Rec. doc. 325) which granted in part and denied in part Kreger's motion for leave to filed a second amended and supplemental complaint (Rec. doc. 283). The defendant, General Steel Corporation ("General Steel"), opposes the motion.

### BACKGROUND

On July 15, 2008, Kreger filed a motion for leave to file second amended complaint. Rec. doc. 283.

1. It was denied as to the allegations which General Steel describes as tracking the "Colorado Attorney General litigation." See Rec. doc. 283 (Attachment at 11-19 and 23-24).

2. It was denied as to Kreger's request for leave to add Benjamin Scott Nall ("Nall) as a plaintiff for the reason that there was undue delay on the part of Kreger in adding Nall.

      3.      It was granted as to Kreger's request for leave to amend to add allegations which he contends are necessary to support a claim for punitive damages under the Colorado Consumer Protection Act (CCPA").

Rec. doc. 325.

The parties requested an opportunity to pursue settlement by mediation. They were granted extensions of deadlines, including the deadline to file a motion to reconsider the August 5, 2008 order. Rec. docs. 331 and 356. The mediation was unsuccessful. On October 16, 2008, there was a telephone status conference at which a schedule for the completion of discovery was set. The motion to certify class will be taken under submission on March 31, 2009. The District Judge was notified that the hearing on the motion may be scheduled as promptly thereafter as the Court's calendar permits. Rec. doc. 283. On October 7, 2008, Kreger filed the motion for reconsideration. Rec. doc. 366.

## ANALYSIS

As noted in the August 5, 2008 order, Fed. R. Civ. P. 16(b) is not applicable, because there is no scheduling order. The Court did not set a deadline for the amendment of pleadings. The more liberal standard in Fed. R. Civ. P. 15(a) is applicable. S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). In Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594 (5th Cir. 1981), the Fifth Circuit held that,

> The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party.

Id. at 597-98 (citations omitted).

The motion for reconsideration does not raise any new issues with respect to Nall. It will be denied as to Nall for the reasons found in the August 5, 2008 order.

As to the allegations which General Steel describes as tracking the "Colorado Attorney General litigation," Kreger contends that he only seeks to add allegations of fact which came to light in discovery and not new claims. In Joseph v. Cannon, 1996 WL 41848 (E.D.La.) (Vance, J.), the Court determined that the plaintiffs sought only to add factual allegations, and not new claims to their 42 U.S.C. § 1983 action. The Court granted plaintiffs' motion to supplement their allegations.

General Steel responds that the Kreger is attempting to add new claims. If so, there is undue delay and the motion to reconsider must be denied. The issue of class certification will not be resolved until after March 31, 2009. This is more than two years after the filing of the original complaint. A new claim by Kreger will cause further delay.

The first amended complaint included reference to CCPA and a Colorado state court injunction. Rec. doc. 17 at 14, 15 and 18.[1] In the proposed second amended complaint, Kreger is asserting a new CCPA claim based on the allegations of national advertising, improper sales scripts and other misrepresentations. See Rec. doc. 283 (Attachment at 11-19 and 23-24). He is not merely alleging additional facts to support an existing CCPA claim. There has been undue delay in bringing a new CCPA claim, so the motion to reconsider must be denied as to such a claim.

---

[1] The claim in the first amended complaint for fraud and deceptive practices was based on allegations that General Steel represented to Kreger that he was receiving a turnkey building, Kent Perenyi of General Steel was the project manager, Kreger signed a contract, he paid General Steel more than $85,000, Perenyi told him Howell would erect the building, Kreger signed a contract with Howell, he paid Howell more than $145,000, and General Steel was aware of numerous problems with Howell including a criminal record (hereinafter the "Turnkey/Howell claim"). Kreger contends that these allegations constitute a CCPA violation as well as fraud.

IT IS ORDERED that Kreger's motion for reconsideration of August 5, 2008 order on motion for leave to file second amended complaint (Rec. doc. 366) is DENIED.

New Orleans, Louisiana, this 10th day of November, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**