UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RONALD KREGER, SR.**                                        **CIVIL ACTION**

**VERSUS**                                                   **NO:  07-575-HGB-SS**

**GENERAL STEEL CORPORATION, et al**

## ORDER

KREGER'S MOTION TO QUASH NON-CLASS MEMBERS' DEPOSITIONS (Rec. doc. 308)

    **GRANTED**

GENERAL STEEL'S MOTION FOR PROTECTIVE ORDER (Rec. doc. 373)

    **GRANTED**

Before the undersigned are two motions: (1) the motion of the plaintiff, Ronald Kreger, Sr. ("Kreger"), to quash and/or strike non-class members' depositions; and (2) the motion of the defendant, General Steel Corporation ("General Steel"), for a protective order, which seeks an order limiting discovery.  The origin of both motions lies in the definition of the putative class.  Since November 10, 2007, and for purposes of class discovery, the putative class has been described as "those persons who purchased buildings from General Steel and who were <u>referred</u> to Greg Howell and/or his company, Worldwide Concrete and Steel Erections, LLC during the period January 1, 2005 through Howell's incarceration."  Rec. doc. 55; and <u>see</u> also Rec. doc. 71 at 1 and Rec. doc. 103 at 2.  Kreger's first amended complaint states that the class is made up individuals "who purchased buildings from General Steel and who were <u>sent</u> to . . . [Howell] to erect the building. . . ."  Rec. doc. 17 at 2. (emphasis added).

## MOTION TO QUASH

Kreger seeks an order quashing the depositions of Mary Morrow and Michael Garfield which were noticed by General Steel. Although Morrow and Garfield are customers of General Steel who were referred to Howell during the relevant period, they were not included on the putative class list. Kreger reports that Morrow and Garfield did not choose to contract with Howell. Kreger contends that these depositions must be quashed because General Steel did not disclose the identity of all customers referred to Howell who did not choose to contract with him. General Steel reports that it no longer seeks the depositions of Morrow and Garfield. To that extent the motion is moot.

General Steel confirmed that Morrow and Garfield were referred to Howell but they elected to use other building contractors. Rec. doc. 321 at p. 4. General Steel was ordered to demonstrate why all persons who were referred to Howell were not identified on the customer list it was required to produce in this litigation. Rec. doc. 326.

General Steel reports that it limited the putative class to persons who were referred to Howell and who contracted with him or paid money to him. It reports this was done by its former general counsel, who has left the company, and its initial attorneys, Kanner & Whiteley, L.L.C. It reports that the initial putative class consisted of 32 persons who purchased buildings from General Steel and contracted with Howell for the erection of the buildings. It added three persons who were referred to Howell, but did not contract with him. Although they were not added to the putative class list, General Steel produced some information on fifteen other persons, who had contact with Howell but did not contract with him or pay him money. It then identified a further nineteen persons who had contact with Howell but did not contract with him or pay him money. Rec. doc. 387.

Kreger reports that he has not sought discovery from General Steel on persons referred to

Howell who did not pay him anything. Rec. doc. 293. General Steel contends that the putative class and any discovery should be limited to those "who contracted with and paid money to Howell and/or Worldwide from January 1, 2005 through July 31, 2007." Rec. doc. 373 at 4. It notes that this the language was employed by Kreger in his proposed second amended complaint. Id. Kreger responds that General Steel should not be permitted to rely on the statement in the proposed second amended complaint because it refuses to consent to its filing.

Notwithstanding the plain language of the order and minute entries defining the putative class, both parties have employed a different definition for purposes of discovery. Henceforth for purposes of class discovery, the putative class members are **those persons who purchased buildings from General Steel and who were referred to Greg Howell and/or his company, Worldwide Concrete and Steel Erections, LLC, during the period January 1, 2005 through July 31, 2007, and who contracted with or paid money to them at any time.** Because General Steel did not comply with the discovery orders and produce customer files on all persons who were referred to Howell whether or not they contracted with him or paid money to him, it may not take the depositions of persons who were referred to Howell but did not contract with him or pay money to him.

MOTION FOR PROTECTIVE ORDER

General Steel seeks an order limiting Kreger's discovery to persons who were referred to Howell and who contracted with him or made payments to him. Kreger reports that he does not seek the discovery at issue, so the motion should be denied as moot. Rec. doc. 293. In accord with the decision to redefine the putative class for discovery purposes, the request for a protective order will be granted.

IT IS ORDERED that:

1. Kreger's motion to quash and/or strike non-class members' depositions (Rec. doc. 308) is GRANTED.

2. General Steel's motion for a protective order (Rec. doc. 373) is GRANTED.

3. For purposes of discovery the putative class is made up of:

    **Those persons who purchased buildings from General Steel and who were referred to Greg Howell and/or his company, Worldwide Concrete and Steel Erections, LLC, during the period January 1, 2005 through July 31, 2007, and who contracted with or paid money to them at any time.**

4. General Steel shall not notice the deposition of any customer who was referred to Greg Howell and/or his company, Worldwide Concrete and Steel Erections, LLC but did not contract with them or pay them money.

    New Orleans, Louisiana, this 10th day of November, 2008.

    **SALLY SHUSHAN**
    **United States Magistrate Judge**