UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD KREGER, SR., | CIVIL ACTION |
| VERSUS | NO: 07-575 |
| GENERAL STEEL CORPORATION, GREGG LANIER HOWELL, WORLDWIDE CONCRETE AND STEEL ERECTIONS, L.L.C. | SECTION: "C" (1) |

## ORDER AND REASONS

This matter comes before the Court on a plaintiff's Motion for Appeal of Order of the Magistrate Judge Dated November 10, 2008 (Rec. Doc. 412) pursuant to Rule 72. (Rec. Doc. 428). The Magistrate Judge's Order denied plaintiff's Motion for Reconsideration of an earlier Order of the Magistrate Judge dated August 5, 2008. The August 5th Order granted in part and denied in part plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint. (Rec. Doc. 325). Defendants, General Steel Corporation, Gregg Lanier Howell, Worldwide Concrete, and Steel Erections, LLC ("Defendants"), opposes the appeal. (Rec. Doc. 443) The motion is before the court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record and the applicable law, the motion is DENIED.

## I. Background

Kreger filed this putative class action on February 1, 2007 against the Defendants alleging fraud. The Defendants sell and erect prefabricated buildings. Kreger asserts that the Defendants misrepresented their abilities. Kreger now seeks to represent the class of people who

were allegedly defrauded by the Defendants. On July 15, 2008, plaintiff filed his Motion for Leave to File Second Amended and Supplemental Complaint. (Rec. Doc. 283). Plaintiff claims there was no undue delay in filing his motion because the necessary discovery to support the factual allegations only occurred in Spring 2008 and there was no amending pleadings deadline in effect. Second, plaintiff claims that the additional facts only support existing causes of action and do not create new causes of action. Third, and alternatively, even if there was undue delay, plaintiff claims that he should get the same benefits from discovery as the defendant, who included in his Answer information gleaned during discovery.

## II. Standard of Review

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

## III. Analysis

This Court is convinced that the Magistrate Judge's decision is not "clearly erroneous." Plaintiff knew of the Colorado Attorney General litigation when the first amended complaint was filed. The additional facts proposed by plaintiff paint a different theory of the case than previously pled in the first and original complaint.

The Magistrate Judge's finding that naming Nall as a plaintiff would also create undue delay is also not "clearly erroneous," when it would require a further deposition and given substantial delays in completing class discovery.

### IV. Conclusion

IT IS ORDERED that plaintiff's Motion for Appeal of Order of the Magistrate Judge Dated November 10, 2008 is **DENIED** (Rec. Doc. 428)

Accordingly,

New Orleans, Louisiana, this 29th day of December, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**