UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-575** |
| **GENERAL STEEL CORPORATION, GREGG LANIER HOWELL, WORLDWIDE CONCRETE AND STEEL ERECTIONS, L.L.C.** | **SECTION: "C" (1)** |

**ORDER AND REASONS [1]**

Before the Court is a Motion for Partial Summary Judgment filed by Third Party Defendant, Colorado Casualty Insurance Company ("Colorado Casualty"). (Rec. Doc. 334). Defendant General Steel Corporation opposes the motion. (Rec. Doc. 386). Based on the memoranda of parties and the relevant case law, the Court DENIES the motion without prejudice for the following reasons.

**I. BACKGROUND**

On February 1, 2007, Kreger filed a complaint against three defendants, General Steel, Gregg Lanier Howell and Worldwide Concrete and Steel Erections, LLC. Kreger seeks damages for fraud, unfair and deceptive trade practices, conspiracy, negligent misrepresentation, fraud in the inducement, beach of contract and detrimental reliance. (Rec. Doc. 1). General Steel, in turn, filed a Third-Party Complaint against its general liability and commercial insurer, Colorado

---

[1] Megan Rawls, a third-year law student at Louisiana State University, assisted in the preparation of this opinion.

Casualty. (Rec. Doc. 225).

## II. LAW AND ANALYSIS

The issue before the court is which state's substantive law will govern the third party claims of General Steel against Colorado Casualty. To make this determination, the court must conduct a "conflict of law" analysis. Federal courts of law sitting in diversity jurisdiction are bound by the conflict of law principles of the forum state. *Klaxon Co. V. Stentor Elec. Mfg. Co Inc,* 313 US 487 (194).

> Louisiana's choice of law policy is clearly laid out in Louisiana Civil Code Article 3515:
>
> [A]n issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectation of parties and of minimizing the adverse consequences that might follow from subject a party to the law of more than one state.

The Louisiana Civil Code Art. 3537 also provides specific guidance for determining the proper law to apply in contract disputes. The Court must consider a number of factors:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting commercial intercourse, and of protecting one party from undue imposition by the other.

Generally, Louisiana courts hold the law of state where an insurance policy is issued and

executed governs the interpretation of that contract. *Woodfield v. Bowman,* 193 F. 3d 354, 360 (5th Cir. 1999). Colorado Casualty's motion argues that Colorado law should apply because: (1) Colorado is the location in which the relevant policies were negotiated, issued, and executed; and (2) the insured, General Steel, is a limited liability company formed under the laws of the State of Colorado, with its principal place of business in Colorado (3) many members of the putative class have no connection with Louisiana; and (4) Colorado courts have a heightened responsibility to scrutinize insurance contracts and invalidate provisions that violate public policy or principles of fairness. (Rec. Doc. 334). General Steel argues that (1) any interest analysis is premature because there has been no determination of whether a class exists and what individuals would be a part of that class; and (2) alternatively, that if this Court decides this issue is ripe for judgment, Colorado law should not apply because none of the allegedly injured parties are Colorado residents; (3) Colorado has no other connection (with the exception of being the location of General Steel's headquarters and the place where the policy was issue) to the parties and this litigation. (Rec. Doc. 386)

    Both parties present arguments as to the conflict of law issue by weighing the significance of each state's contacts. However, neither party has identified a conflict between the relevant laws of Colorado and Louisiana. The Fifth Circuit has repeatedly recognized that where there is no conflict of law, no conflict analysis is necessary, and the law of the forum applies*. Mumblow v. Monroe Broadcasting, Inc*., 401 F.3d 616, 620 (5th Cir.2005); *American Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 2009 WL 130187 at n.2 (5th Cir. 2009). Colorado Casualty does argue that Colorado courts have a heightened responsibility to scrutinize insurance contracts and invalidate provisions that violate public policy or principles of fairness,

3

citing *Cary v. United of Omaha Life Ins. Co.,* 68 P. 3d 462 (Colo. 2003). However, the *Cary* court (and the cases on which it relied) applied this "heightened responsibility" principle to terms and condition of insurance contracts that undermine express legislative and public policy. *See Huizar v. Allstate Insurance Company*, 952 P.2d 342, 344-345 (1998)(noting relevance of Colorado statute and two specific provisions of the state constitution in applying "heightened responsibility"); *Newton v. Nationwide Mut. Fire Ins. Co.*, 594 P.2d 1042, 1046 (1979) (insurance policy provision which permitted insurer to subtract payments from uninsured motorist coverage thereby reducing coverage to less than statutory minimum violated public policy in Colorado Auto Accident Reparations Act). Colorado Casualty has not identified any express Colorado policy which might call for this "heightened responsibility." In addition, neither party has identified any conflict between the law of Colorado, Louisiana, or any other state that is potentially connected to this litigation through putative class members.

Accordingly,

IT IS ORDERED that Motion for Partial Summary Judgment filed by Third-Party Defendant Colorado Casualty (Rec. Doc. 334) is here by DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 13th day of March, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**