UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-575** |
| **GENERAL STEEL CORPORATION, GREGG LANIER HOWELL, WORLDWIDE CONCRETE AND STEEL ERECTIONS, L.L.C.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is defendant General Steel Corporation's Motion to Strike portions of plaintiff's Revised Second Amended Complaint. (Rec. Doc. 478). General Steel argues that the Complaint as amended fails to comply with the orders of this Court (Rec. Doc. 464) and of the Magistrate Judge. (Rec. Doc. 325, 472). The motion is before the court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the motion is DENIED for the following reasons.

## I. BACKGROUND

Plaintiff Kreger filed this putative class action in this Court on February 1, 2007. He asserts many claims against General Steel, Gregg Lanier Howell and Worldwide Concrete and Steel Erections, L.L.C. These claims all arise out of contracts that Kreger had with General Steel, Howell and Worldwide Concrete for the purchase and erection of a steel building. Kreger seeks to represent the class of people who were allegedly defrauded by General Steel, Howell and Worldwide Concrete.

On July 15, 2008, Kreger filed a motion for leave to file a Second Amended and

1

Supplemental Complaint. (Rec. Doc. 283). The magistrate granted the motion in part, but denied the motion as to the portions of proposed amended complaint that tracked allegations brought against General Steel by the Colorado Attorney General ("the AG Tracking Allegations") and as to an additional proposed class representative. (Rec. Doc. 325). On January 14, 2009, Kreger filed the Revised Second Amended Complaint. (Rec. Doc. 473). General Steel now argues that in the Revised Second Amended Complaint Kreger improperly modified the definition of the putative class, failed to remove the references to the AG Tracking Allegations, and included claims for exemplary and punitive damages unsupportable by Colorado law.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This remedy is generally disfavored, and should be used sparingly. *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

General Steel argues that Kreger's amended complaint "inexplicably" revised the definition of the putative class. (Rec. Doc. 478-4 at 2). However, this Court's December 2008 ruling overturned the magistrate's ruling granting a protective order limiting discovery (Rec. Doc. 415) and ordered the reinstatement of the original putative class definition. (Rec. Doc. 464). The return to the original language was therefore not "inexplicabl[e]," but rather expressly permitted by this Court. Although General Steel asserts that this Court's order applies only to discovery and should not be included in the complaint, (Rec. Doc. 478-4 at 7 n.1) there should only be one definition of the putative class, subject to change as the litigation proceeds. *See* 2 AM. JUR. 2D *Federal Courts*

§§ 1600-01 (1981) (noting that court has both power and obligation to define class and order plaintiff to amend complaint to reflect same). It was therefore appropriate for Kreger to include this Court's definition of the putative class in the amended complaint.

General Steel next argues that some of the language in paragraphs 38, 74-76, and 78 of the Revised Second Amended Complaint still track the AG litigation. (Rec. Doc. 478-4 at 8-10). The magistrate's ruling indicated that language in the Second Amended Complaint asserting new claims based on national advertising, improper sales scripts, and other misrepresentations must be removed as untimely. (Rec. Doc. 412 at 3). The ruling listed Second Amended Complaint pages 11-19 and 23-24 as those including improperly added allegations. (Rec. Doc. 412 at 3). Kreger responds that the paragraphs at issue were not within the range of pages that the magistrate ordered to be removed from the complaint. (Rec. Doc. 484 at 10).

General Steel is correct in noting that Kreger cannot escape scrutiny of the sections of the Revised Second Amended Complaint that might still retain AG Tracking Allegations simply by referencing the magistrate's page range. However, neither can General Steel require Kreger to remove all references to other consumers; as noted by the magistrate, in Kreger's original complaint he alleged that General Steel engaged in a pattern of deception and fraud as to Kreger and others similarly situated. (Rec. Doc. 1; Rec. Doc. 325 n. 2). References to General Steel's business practices are therefore appropriate if they do not expand the original allegations. All of the paragraphs at issue fit this description. Further, these paragraphs were approved for amendment by the magistrate, and do not fall within the category of pleadings appropriately stricken under Rule 12(f).

Finally, General Steel argues that Kreger improperly requested "punitive and/or exemplary

3

damages" under Colorado's punitive damages statute for tort claims, C.R.S. § 13-21-102. That statute provides, in relevant part, that:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

General Steel asserts that Kreger improperly included claims for exemplary damages in his original Complaint and implies that Kreger failed to seek the court's permission to include the exemplary damages claims in the complaint. (Rec. Doc. 478-4 at 11-12) However, there were no references to the statute or to exemplary or punitive damages in the original Complaint, (Rec. Doc. 1) and Kreger expressly sought permission to file a Revised Second Amended Complaint, including a request to add such a claim. (Rec. Doc. 283). The magistrate granted permission to amend as to the punitive damages claim. (Rec. Doc. 325).

General Steel's related argument that the Colorado Consumer Protection Act expressly prohibits punitive damages under § 13-21-102 is a disputed question of law. (Rec. Doc. 478-4 at 11; Rec. Doc. 484 at 18-22). The Fifth Circuit has noted that "[a]bsent a showing of prejudice to the moving party, courts are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868. As there has been no showing of prejudice to General Steel regarding the punitive damages claims, and the language is not "redundant, immaterial, impertinent, or scandalous," this Court will defer action on that portion of the motion and leave the issue of the punitive and exemplary damages claims for determination on the merits.

Accordingly,

4

IT IS ORDERED that the Motion to Strike filed by Defendant General Steel Corporation (Rec. Doc. 478) is hereby DENIED.

New Orleans, Louisiana, this 19th day of August, 2009.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**