# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.,** | **CIVIL ACTION** |
| VERSUS | NO: 07-575 |
| **GENERAL STEEL CORPORATION, GREGG LANIER HOWELL, WORLDWIDE CONCRETE AND STEEL ERECTIONS, L.L.C.** | SECTION: "C" (1) |

## ORDER & REASONS

Before the Court is a Motion for Rule 54(b) Certification or, in the alternative, for Certification of an Interlocutory Appeal by third party defendant Colorado Casualty Insurance Company, (Rec. Doc. 622) and a Motion for Attorney's Fees and Costs by defendant General Steel (Rec. Doc. 629).

The motions are before the Court on the briefs without oral argument. Having considered the memoranda of parties and the relevant case law, the Court DENIES both motions for the following reasons.

## I. Background

On February 1, 2007, Plaintiff Ronald Kreger filed a complaint against three defendants, General Steel, Gregg Lanier Howell and Worldwide Concrete and Steel Erections, LLC. Kreger seeks damages for fraud, unfair and deceptive trade practices, conspiracy, negligent misrepresentation, fraud in the inducement, beach of contract and detrimental reliance. (Rec. Doc. 1). General Steel, in turn, filed a Third-Party Complaint against its general liability and commercial insurer, Colorado Casualty. (Rec. Doc. 225).

1

On September 21, 2009, the Court issued a ruling on cross motions for partial summary judgment filed by General Steel and Colorado Casualty, holding that under the terms of the insurance contract between those parties, Colorado Casualty had a duty to defend General Steel. (Rec. Doc. 568). The Court subsequently denied Colorado Casualty's Motion to Reconsider. However, in its ruling the Court noted that whether Colorado's Economic Loss rule barred recovery was an outstanding question that had been inadequately briefed and was not yet ripe for review. (Rec. Doc. 568 at 9). Thus, the Court's ruling was expressly limited to the question of whether, *under the terms of the insurance contract*, General Steel was entitled to defense.

The Court has since denied the plaintiff's motion for class certification. (Rec. Doc. 707).

Colorado Casualty moves for certification of a final judgment under Rule 54(b), or in the alternative for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) regarding to cross claims between Colorado Casualty and General Steel. (Rec. Doc. 622).

General Steel separately moves for attorney's fees and costs. (Rec. Doc. 629).

**II. Law and Analysis**

*A. Attorney's Fees and Costs*

General Steel requests $1,041,975.90 in attorney's fees and costs, arguing that the amounts charged are commercially reasonable under Colorado law and warranted under the Court's previous ruling. (Rec. Doc. 629 at 2). Colorado Casualty objects, arguing that the motion is premature and that General Steel has failed to meet its burden regarding the amounts charged. (Rec. Doc. 642).

The Court agrees that the motion is premature. Several outstanding issues remain unaddressed or inadequately briefed. Before the Court can award the substantial costs requested, it must first resolve the question of whether the Economic Loss rule bars recovery. Further,

2

Colorado Casualty raises notice and voluntary payment defenses.

Because the Court's previous partial summary judgment ruling was limited to an interpretation of the relevant provisions of the insurance contract and did not resolve these outstanding questions, an award of fees would be premature at this time. General Steel's motion is denied.

*B. Certification under Rule 54(b) or 28 U.S.C. § 1292(b)*

Rule 54(b) permits the Court to direct entry of a final judgment on fewer than all claims or parties when it determines that there is "no just reason for delay." Fed. R. Civ. P. 54(b). Some courts have held that certification of a ruling on a duty to defend claim is appropriate for Rule 54(b) certification. *See, e.g., State of N.Y. v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir. 1991) ("certification of a final ruling on a third-party claim requesting an insurer to supply a defense under an insurance policy is typically a permissible exercise of the district court's discretion"). The Fifth Circuit has held in a similar case that when a party moves for summary judgment on a duty to defend and associated costs and fees and the court's order disposes only of the duty to defend, Rule 54(b) certification would be premature in the absence of a ruling on the remaining costs and fees claims. *Landry v. G.B.A.*, 762 F.2d 462, 464 (5th Cir. 1985).

Because the Court holds that outstanding issues regarding the duty to defend remain unresolved, the Court will follow *Landry* and decline Rule 54(b) certification. The same logic applies to the request under 28 U.S.C. § 1292(b). The request is premature.

Accordingly,

IT IS ORDERED that General Steel's motion for costs and fees (Rec. Doc. 629) and Colorado Casualty's motion for certification of final judgment or for interlocutory appeal (Rec. Doc.

3

622) are DENIED.

New Orleans, Louisiana, this 4th day of August, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**