UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-575** |
| **GENERAL STEEL CORPORATION, GREGG LANIER HOWELL, WORLDWIDE CONCRETE AND STEEL ERECTIONS, L.L.C.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is Defendant General Steel Corporation's ("General Steel") Partial Motion to Dismiss Plaintiff's LUTPA Claim based upon the Statute of Limitations. (Rec. Doc. 749). However, General Steel has subsequently claimed that its Motion is in fact a 12(c) motion for judgment on pleadings. (Rec. Doc. 763-1 at 2).

Plaintiff Kreger filed his Third Amended and Supplemental Complaint on October 12, 2010. (Rec. Doc. 739). In the first claim of that amended complaint, Kreger asserts that Defendants engaged in unfair trade practices, which violated the Louisiana Unfair Trade Practices Act ("LUTPA"). *Id.* at 32. General Steel argues that under Louisiana law, LUTPA claims are perempted if not filed within one year of the events giving rise to the LUTPA claim. (Rec. Doc. 749-1 at 1). While Plaintiff did assert a timely LUTPA claim in his original Complaint, his Revised Second Amended Complaint did not mention a LUTPA claim. (Rec. Docs. 1 & 473). As a result, Defendants argue that the LUTPA claim asserted in Plaintiff's Third Amended and Supplemental Complaint is a new claim that is now perempted under Louisiana Law. (Rec. Doc. 749-1 at 3-4).

Under Rule 15(c) of the Federal Rules of Civil Procedure an amendment "relates back" to

1

the date of the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." F.R.Civ.P 15(c)(1)(B). As the Fifth Circuit has held, "the purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 342 (5th Cir. 2005) (quoting *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968)). Moreover, "because Rule 15(c)(B) permits a party to amend a pleading 'despite an applicable statute of limitations in situations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims,' it is not relevant whether a Louisiana court would permit plaintiff's ... claims to relate back to plaintiff's original pleading." *Stanley v. Trinchard*, 2010 WL 3168113, *4 (E.D. La. 2010) (quoting *Kansa v. Reinsurance Co. v. Cong. Mortgage Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994)).

Here Plaintiff's original Complaint gave Defendants fair notice that litigation was arising out of the specific factual situation outlined in that Complaint. Specifically, Plaintiff alleged that Defendants made a series of misrepresentations to him, falsely claiming that they would provide a "turnkey" building, which would include the building, foundation plans and everything else needed to complete construction. (Rec. Doc. 1 at 3-5). However, instead of providing a turnkey project, Plaintiff alleged that Defendants knowingly required Plaintiff to sign additional contracts with a subcontractor that had a previous record of fraud. *Id.* at 7. Moreover the original Complaint contained allegations that Defendants systematically engaged in similar misrepresentations across the country. *Id.*

Defendants allege that the allegations in Plaintiff's original Complaint did not provide them

with notice of the claims now asserted in the Third Amended and Supplemental Complaint. (Rec. Doc. 763-1 at 10). However, a review of the Third Amended and Supplemental Complaint indicates that Plaintiff's LUTPA claim arises out of the same "conduct, transaction, or occurrence set out" in the original Complaint. F.R.Civ.P 15(c)(1)(B). Specifically, the Third Amended and Supplemental Complaint alleges that Defendants intentionally misrepresented the nature of the construction project as a "turnkey job" as well as misrepresenting both the capabilities of the designated subcontractor and the quality of the construction plans provided. (Rec. Doc. 739 at 32).

These allegations all arise out of the conduct outlined in Plaintiff's original Complaint and therefore, pursuant to Rule 15(c), Plaintiff's LUPTA claim in the Third Amended and Supplemental Complaint relates back to the date of the original complaint. Consequently, since it is undisputed that the original Complaint was filed within one year of the events giving rise to Plaintiff's LUTPA claim, the LUTPA claim in the Third Amended and Supplemental Complaint is not perempted by the statute of limitations.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss is DENIED. (Rec. Doc. 749).

New Orleans, Louisiana, this 31st day of January, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

3