UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD KREGER, SR.,** | **CIVIL ACTION** |
| **VERSUS** | **NO:   07-575** |
| **GENERAL STEEL CORPORATION, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is the Joint Motion for Separate Trials filed by Defendant/Third-Party Plaintiff, General Steel Corporation ("General Steel"), and Third-Party Defendant, Colorado Casualty Insurance Company ("Colorado Casualty"). (Rec. Doc. 772). The motion is opposed by Plaintiff. (Rec. Doc. 777). Having considered the record, the memoranda of counsel and the law, the Joint Motion for Separate Trials is DENIED for the following reasons.

## I.  BACKGROUND

On February 1, 2007, Plaintiff Ronald Kreger filed a complaint against three defendants, General Steel, Gregg Howell, and Worldwide Concrete & Steel Erections, LLC ("Worldwide"), alleging fraud, unfair and deceptive trade practices, conspiracy, negligent misrepresentation, fraud in the inducement, beach of contract and detrimental reliance. (Rec. Doc. 1). Kreger's claims are based on a contract he had with General Steel for the erection of a steel building, which was to replace a building destroyed in Hurricane Katrina. (Rec. Doc. 546-7 at 3). Kreger asserts that General Steel promised him that it would provide a "turnkey"[1] building project. (Rec. Doc. 473 at 4). However, Kreger alleges that General Steel merely provided building materials and then suggested that Kreger hire Howell and Worldwide to build the foundation and unpack and erect the

---

[1] A "turnkey" project is one in which the purchaser pays a contractor to complete an entire building with the contractor handling all aspects of construction and permitting. At the end of construction the contractor hands over the keys of the completed building to the owner.

building.  (Rec. Doc. 473 at 18).  Ultimately, Kreger did hire Howell to construct the building;

however, Howell took Kreger's money without erecting the building.

Kreger alleges that General Steel knew or should have known that Howell's work was sub-

satisfactory and that Howell was a convicted felon.  (Rec. Doc. 473 at 5).  Finally, Kreger alleges

that General Steel promised to provide building and foundation plans that complied with the

applicable building requirements, but failed to do so.  (Rec. Doc. 473 at 19).

General Steel, in turn, filed a Third-Party Complaint against its general liability and

commercial insurer, Colorado Casualty, alleging that Plaintiff's complaint triggered the duty to

defend and indemnification provisions of its insurance with Colorado Casualty.  (Rec. Doc. 225).

Colorado Casualty claims that it owes no duty to defend General Steel, as none of Kreger's

allegations trigger coverage under its policy with General Steel.  (Rec. Doc. 530-2 at 3-4).

General Steel and Colorado Casualty now argue that, pursuant to Federal Rule of Civil

Procedure 42(b), their third-party insurance coverage claim should be tried separately from Kreger's

claims because a joint trial would be unduly prejudicial.  (Rec. Doc. 772 at 2).

## II.  LAW AND ANALYSIS

Under Rule 14 of the Federal Rules of Civil Procedure any party may move to try a

third-party demand separately.  Fed. R. Civ. P. 14(a)(4).  Furthermore, Rule 42 provides that, "[t]he

court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive

to expedition and economy, may order a separate trial of any claim...."  Fed. R. Civ. P. 42(b).  The

district court has broad discretion to sever issues to be tried.  *Xavier v. Belfor Group USA, Inc.*, 2008

WL 4862549 at \*3 (E.D. La. 2008) (citing *Brunet v. United Gas Pipeline Company*, 15 F.3d 500,

505 (5th Cir.1995); *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000)).

Piecemeal trial of separate claims or issues in a single suit is "not to be the usual course."  Charles

Alan Wright & Arthur R. Miller, 9 Federal Practice & Procedure § 2388 (West).

When determining whether claims should be severed a district court may consider the following factors: (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims. *Xavier v. Belfor Group USA, Inc.*, 2008 WL 4862549 at *3. After considering the above factors the Court is convinced that it should not severe the present trial.

As for the first factor, the Court notes that the claims at issue arose out of separate contracts. However, as for the second factor, the Court finds that both claims revolve around Plaintiff's factual allegations against General Steel. Colorado Casualty's duty to indemnify General Steel depends on whether General Steel did in fact engage in fraudulent behavior, because one basis of Colorado Casualty's defense is that General Steel's actions were deliberate and therefore not an "occurrence" as that term is defined by the policies in dispute. (Rec. Doc. 530-1 at 16). This overlapping question of fact will require the repetition of witnesses and, if tried separately, would risk inconsistent verdicts on that common question of fact. Therefore this Court finds that the third and fifth factors weigh against a separate trial, as such a trial would not promote judicial economy and would require the duplication of witnesses and evidence.

While General Steel and Colorado Casualty argue that they will be prejudiced by a  joint trial, that prejudice is not substantial enough to warrant separate trials. First of all, any complaints of prejudice to General Steel must be considered in light of the fact that General Steel voluntarily brought Colorado Casualty into this case, presumably to avoid the expense of separate litigation in state court. Moreover, neither General Steel nor Colorado Casualty have explained how they would be prejudiced other than general claims that a joint trial would confuse the jury. (Rec. Doc. 772-1

3

at 7). Nor do they explain how jury instructions could not cure any prejudice they may suffer from a joint trial. While General Steel argues that Federal Rule of Evidence 411 prohibits the admission of evidence of its liability insurance, that rule only applies to the use of such evidence to establish whether the insured acted wrongfully. (Rec. Doc. 772-1 at 8). In this case General Steel's liability insurance will not be used for such a purpose, but rather will be used to determine if that policy covers Plaintiff's allegations. Appropriate limiting instructions can make this distinction clear to the jury.

Because this case has been extensively delayed, barring extenuating circumstances, this Court will not permit any further delays in this matter.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that the Joint Motion for Separate Trials is DENIED. (Rec. Doc. 772).

New Orleans, Louisiana, this 25th day of April, 2011.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE